# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DRAYTON G. MILLER and MILLER TECHNOLOGIES INTENTIONAL, LLC, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 12-00747-KD-N<br>) |
| MP GLOBAL PRODUCTS, LLC and CHAD A. COLLISON, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant MP Global Products, LLC's motion for a protective order (Doc. 68) (the "MPO"), filed February 10, 2014, seeking to prevent the plaintiffs from serving a Rule 45 subpoena *duces tecum* on MP Global's accounts, Sehi & Associates, P.C. The MPO, which has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1), is now ripe, the plaintiffs' having responded (*see* Doc. 72) and MP Global having filed a reply (Doc. 76). After a review of the pleadings, and for the reasons stated below, the MPO is **DENIED**.

### I. Applicable Background and Legal Standards

The MPO is essentially MP Global's attempt to prevent the plaintiffs from serving on its outside accounting firm a document subpoena seeking: "All year-end financial statements, federal and state income tax returns, profit and loss statements and general ledgers with respect to MP Global Products, LLC and any of

its subsidiaries, parent corporations, or related entities from 2009 until the present date" (the "tax records"). (*See* Doc. 69-1 at 5-9.)

"To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required[,]" *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984), including "forbidding [ ] disclosure or discovery" and "requiring that . . . confidential . . . commercial information not be revealed[,]" FED. R. CIV. P. 26(c)(1)(A), (G).

### A. The threshold for relevancy—the same whether under Rule 26 or Rule 45—is indeed low, and the inquiry turns on the complaint and defenses raised thereto.

This Court "has broad discretion to ensure that parties 'obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense,'" and "[f]or good cause, . . . may order discovery of any matter relevant to the subject matter involved in the action.'" *Hope For Families & Cmty. Serv., Inc. v. Warren*, No. 3:06-CV-1113-WKW, 2009 WL 174970, at *3 (M.D. Ala. Jan. 26, 2009) (quoting FED. R. CIV. P. 26(b)(1)). Importantly,

> "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." [FED. R. CIV. P. 26(b)(1).] "[I]f there is an objection that the discovery goes beyond material relevant to the parties' claims or defenses, the Court . . . become[s] involved to determine whether the discovery is relevant to the claims or defenses[.]" FED. R. CIV. P. 26(b)(1), advisory committee's note (2000 Amendment). If it is not, the court must [then] determine "whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." *Id.*

*Id.*; *see also id.* ("Rule 26(b)(1) is 'highly flexible,' *United States v. Microsoft Corp.*,

2

165 F.3d 952, 959-60 (D.C. Cir. 1999), and, as a whole, the federal discovery rules are to be construed broadly and liberally, *Herbert v. Lando*, 441 U.S. 153, 177 (1979).").

Rule 26, quite simply, "sets forth a very low threshold for relevancy," and "[t]hus, the court is inclined to err in favor of discovery rather than against it." *Kipperman v. Onex Corp.*, Civil Action No. 1:05-CV-1242-JOF, 2008 WL 1902227, at *10 (N.D. Ga. Apr. 25, 2008); *accord United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) ("The standard for what constitutes relevant evidence is a low one."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, Civil Action No. H–01–3624, 2009 WL 3247432, at *1 (S.D. Tex. Sept. 29, 2009) ("A request for discovery should be considered relevant if there is ***any possibility*** that the information sought may be relevant to the subject matter of the action." (quoting *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 251, 254 (N.D. Ill. 1978) (emphasis added))); *but see Herbert*, 441 U.S. at 177 ("While the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials, they are also subject to the injunction of Rule 1 that they be construed to secure the just, ***speedy***, and ***inexpensive*** determination of every action." (citations and internal quotation marks omitted and emphasis in original)).

"To determine the relevancy of the information sought [through discovery], the court takes note of the facts set forth in the[] ***complaint***." *Hargrove v. Washington State Dep't of Corr.*, No. C10–0363 RBL/KLS, 2011 WL 1771063, at *1 (W.D. Wash. May 9, 2011) (emphasis added). Further, despite MP Global's argument otherwise (*see* Doc. 69 at 2 (citing a Nevada district court decision that, in

turn, discussed the standard in not this, but the Ninth Circuit)), "[i]t is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26." *Hernandez v. Hendrix Produce, Inc.*, No. CV613–053, 2014 WL 953503, at *1 n.3 (S.D. Ga. Mar. 10, 2014) (quoting *Ross v. Livingston*, No. 5:11–CV–474 (CAR), 2012 WL 4862827, at *1 n.3 (M.D. Ga. Oct. 12, 2012)) (other citations omitted).[1]

### B. In this Circuit, a party need not show a compelling need before tax information may be obtained.

The parties disagree as to the applicable showing the plaintiffs must make in order to obtain tax records from MP Global's outside accounts. While the plaintiffs contend that mere relevance is the required showing, MP Global insists that the test is two-pronged: "When tax returns are sought, courts use a two-prong test to determine 'whether (1) the tax return is relevant to the subject matter in dispute; and (2) a compelling need exists for the return, because the information sought is not obtainable from other sources.'" (Doc. 69 at 3 (quoting *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 217 (W.D. Va. 1997).) Which approach this Court should

---

[1] Both Georgia district court decisions also cite to § 2459 of Wright & Miller. The third edition of that treatise provides:

> The 1970 amendment of [Rule 45] deleted the former requirement that things subject to a subpoena *duces tecum* must be "evidence." These changes, the Advisory Committee said in its Note to what was then Rule 45(d)(1), "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."

9A CHARLES ALAN WRIGHT, ARTHUR R. MILLER et al., FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed.).

apply turns in large part on the impact of the only published Eleventh Circuit decision to address the issue. In *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846 (11th Cir. 1997), the Eleventh Circuit affirmed the district court's decision to compel discovery of tax records, finding it "was not an abuse of discretion" and also found that the tax records were "arguably relevant to the case." *Id.* at 853. The Eleventh Circuit, however, reversed, the district court's sanction of attorney's fees, because it found, applicably, "the plaintiffs were substantially justified in refusing discovery [by their reliance] on out-of-circuit district court caselaw, where there was no in-circuit caselaw, regarding the tax form issue." *Id.* at 853, 854 (citing *Lemanik v. McKinley Allsopp, Inc.*, 125 F.R.D. 602, 609 (S.D.N.Y. 1989) (finding the public policy of confidentiality of tax returns required a party seeking such returns to both establish relevancy and a compelling need for the returns—that is, that the information is not otherwise obtainable); *Biliske v. American Live Stock Inc.*, 73 F.R.D. 124, 126 n.1 (W.D. Okla. 1977) (finding public policy was against unnecessary disclosure of tax returns)).

Importantly, the Eleventh Circuit, in *Maddow*, recognized, but did not adopt the two-pronged test, as noted in *Lemanik*. Instead, the Eleventh Circuit merely acknowledged that there was not controlling case law in this Circuit at the time the plaintiffs there refused to answer the discovery. *See, e.g., United States v. Certain Real Property known as and Located at 6469 Polo Pointe Way, Delray Beach, Fla.*, 444 F. Supp. 2d 1258, 1262-64 (S.D. Fla. 2006) (granting motion to compel tax records once relevance established, after noting (1) the split among ***all*** federal courts

5

"as to whether tax returns are entitled to enhanced protection"; (2) that "[m]ost courts . . . hold that a party seeking disclosure of tax returns must show some compelling need in addition to relevance because tax returns are either privileged or public policy restricts their disclosure"[2]; (3) and that, "[d]espite" this, "the Eleventh Circuit declined[, in *Maddow*,] to adopt such a position[,]" after it "recognized [some] cases requiring a compelling need" (collecting cases)).

More than a decade after *Maddow*, in an unreported decision, the Eleventh Circuit affirmed its "arguably relevant" position: "in civil cases, we have not required

---

[2] This "privilege" is best understood not as a bar to disclosure, but as a public policy-based concern for confidentiality. *See, e.g., Columbus Drywall & Insulation, Inc. v. Masco Corp.*, Civil Action No. 1:04-CV-3066-JEC, 2006 WL 5157686, at *7 (N.D. Ga. May 31, 2006) ("With respect to the disclosure of tax returns and other personal financial information, this court has stated, 'most courts do not recognize the existence of privilege against disclosure [of tax returns], but rather recognize a general federal policy limiting disclosure to appropriate circumstances.' In general, most courts have noted that public policy concerns favor keeping tax returns confidential when possible . . . ." (quoting *Beller v. Credit Alliance Corp.*, 106 F.R.D. 557, 559 (N.D. Ga. 1985) (in turn quoting *Elgin Fed. Credit Union v. Cantor, Fitzgerald Sec. Corp.*, 91 F.R.D. 414, 416 (N.D. Ga. 1981)))); *cf. Barrington v. Mortgage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *1 n.3 (S.D. Fla. Dec. 10, 2007) ("[I]t is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery." (citation omitted)).

In this litigation, a stipulated protective order—providing two tiers of protection for information deemed confidential—is already in place (Doc. 55; *see also* Doc. 46). That order provides the option to designate as "attorney's eyes only" materials considered to be "confidential and sensitive things of a business nature which would be of value to a potential competitor of the party holding the proprietary rights thereto[.]" (Doc. 55 at 3.) Thus, the undersigned is not concerned that, if found relevant, MP Global has no means to protect the dissemination of its tax records to business competitors, including the plaintiffs. *Cf. Coach, Inc. v. Visitors Flea Market, LLC*, No. 6:11–cv–1905–Orl–19TBS, 2013 WL 5770598, at *2 (M.D. Fla. Oct. 24, 2013) (noting, "even courts which hold that relevancy is the sole issue have taken steps to protect the confidentiality of tax returns"; compelling production of the tax returns to the party's counsel; and ordering, "[u]ntil the issue of confidentiality is resolved, counsel for Coach shall not reveal the information contained in the tax returns" (citations omitted)).

6

a showing of compelling need before tax information may be obtained by a party in discovery, but instead have determined that such information need be only arguably relevant." *Erenstein v. S.E.C.*, 316 Fed. App'x 865, 869-70 (11th Cir. Sept. 16, 2008) (per curiam) (citing *Maddow*, 107 F.3d at 853).[3] *Erenstein*, which affirms that, as to discovery of tax records, relevancy is the sole consideration in this Circuit, has, moreover, been cited for that proposition by district courts within this Circuit. *See, e.g., Walker v. Americare Radiographics, Inc.*, No. 10–60340–CIV, 2010 WL 5437254, at *6 (S.D. Fla. Dec. 27, 2010) ("As to Request 5, the undersigned concludes that Defendants' tax records must be produced. First, the tax records sought by Defendant fit within the broad definition of relevance under [Rule] 26, which provides that a party is entitled to discovery of information that "appears reasonably calculated to lead to the discovery of admissible evidence." The requested documents may be admissible or may well lead to the discovery of admissible evidence." (citations omitted)); *accord Soliday v. 7-Eleven, Inc.*, No. 2:09–cv–807–FtM–29SPC, 2010 WL 4537903, at *1-2 (M.D. Fla. Nov. 3, 2010); *but see Coach, Inc. v. Visitors Flea Market, LLC*, No. 6:11–cv–1905–Orl–19TBS, 2013 WL 5770598, at *2-3 (M.D. Fla. Oct. 24, 2013) (acknowledging *Maddow*, but not *Erenstein*, after noting that "[t]he Eleventh Circuit has not explicitly addressed the issue or

---

[3] MP Global did not cite to *Maddow* in its MPO. The plaintiffs, through their opposition, did, however. And MP Global responded, in its reply, by attempting to distinguish *Maddow* through a discussion of the minority of reported district court decisions within this Circuit that have required a showing of compelling need. Notably, however, neither side provided this Court with *Erenstein*.

7

recognized a special privilege for tax records[,]" and then ordering production of tax returns as relevant).

## II.     Analysis

The plaintiffs' request for tax records here is, at a minimum, relevant to their prayers for punitive damages (in Counts I, II, IV, and VII of their complaint). True,

> [i]n most cases, financial discovery is not appropriate until after judgment.
>
>> Information about the financial status of a putative defendant would be interesting to any person or agency considering a civil suit for damages. Under most circumstances, however, a private plaintiff may not discover an opponent's assets until after a judgment against the opponent has been rendered. [ ] [Defendant's] financial status, like the financial status of most putative defendants, is not relevant to any issue that will be raised in the contemplated lawsuit.
>
> When punitive damages are sought, however, a defendant's financial condition becomes relevant.

*Soliday*, 2010 WL 4537903, at *2 (quoting *FTC v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980) (citation omitted)).[4]

MP Global argues, however, that the Court should impose an additional barrier to the plaintiffs' ability to obtain discovery relevant to their claims for punitive damages: "MP Global submits that the Court should adopt the standard for discovery of financial information solely based on a claim for punitive damages set forth in *Ex parte Mark Hsu, M.D.*, 707 So. 2d 223 (Ala. 1997)." (Doc. 76 at 5.) As

---

[4]    All decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

8

characterized by MP Global,

> [t]here, the Alabama Supreme Court held that the defendants could not be required to disclose financial information prior to the return of verdict against them which awarded punitive damages. *Id.* at 225-26. It went on to state that evidence of a defendant's net wealth is highly prejudicial and therefore inadmissible during trial but is considered relevant and admissible in post-verdict hearing before trial judge on alleged excessiveness of punitive damages award. *Id.*

(*Id.*)

Applied to this case, MP Global's proposal presents several problems.

First, claims for punitive damages are not the "sole" basis for finding that the tax records being sought are relevant. As the plaintiffs contend—a contention that MP Global fails to directly challenge—Count VII of their complaint seeks "a full and complete accounting of all business activities conducted by [MP Global] and Chad A. Collison from January 2009 through the present date."[5] (Doc. 72 at 5.)[6]

---

[5] The plaintiffs tie their accounting claim to the affidavit of Denise Dauphin, who contends that the tax records are relevant and necessary to her analysis. While MP Global does challenge Ms. Dauphin's affidavit, it does not challenge the plaintiffs' contention that the tax records are relevant to a claim in their complaint (actually, two claims—they also specifically claim that the tax records are relevant to their claim for unjust enrichment (Count V) (*see* Doc. 72 at 6)). *Contra Pablo v. ServiceMaster Global Holdings, Inc.*, Nos. C 08-03894 SI, C 10-00628 SI, 2010 WL 5022564, at *3 (N.D. Cal. Dec. 3, 2010) (denying motion to compel "[b]ecause the request for production is not relevant to any claim that has actually been alleged in a complaint, is not relevant to a defense, and is not reasonably calculated to lead to the discovery of admissible evidence"); *Hughes v. LaSalle Bank, N.A.*, No. 02Civ.6384MBMHBP, 2004 WL 414828 (S.D.N.Y. Mar. 4, 2004) ("A litigant may not use discovery to determine whether there is a cause of action. The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.") (citation omitted).

[6] Additionally, the final count of the complaint is for trademark infringement and made pursuant to the Lanham Act. 15 U.S.C. § 1117, cited in the plaintiffs' complaint, provides for the recovery of damages for trademark infringement, and § 1117(c) allows for statutory damages for the use of counterfeit marks. Where applicable, a plaintiff may, of course, "elect, ***at any time before final judgment is rendered by the trial court***, to

9

Second, MP Global's proposal violates *Erie*. Although MP Global does not explicitly invoke the Alabama statute, by citing *Ex parte Mark Hsu, M.D.*, it appears MP Global is advocating that this Court apply Ala. Code § 6-11-23(b) (evidence of a defendant's wealth "shall not be subject to discovery, unless otherwise discoverable, until after a verdict for punitive damages has been rendered" (cited at 707 So. 2d at 225-26)). A Florida statute similarly restricts discovery of financial worth. *See Gottwald v. Producers Grp. I, LLC*, No. 12–81297–CIV, 2013 WL 1776154, at *2 (S.D. Fla. Apr. 25, 2013) ("Florida law prohibits financial discovery until after a plaintiff has made a reasonable showing that he is entitled to punitive damages." (discussing FLA. STAT. § 768.72(1) ( ". . . no claims for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages[,]" allowing leave to amend "to assert a claim for punitive damages[,]" and providing that "[n]o discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted"))). While the Eleventh Circuit

---

recover, instead of actual damages and profits under [§ 1117(a)], an award of statutory damages . . . ." 15 U.S.C. § 1117(a) (emphasis added); *see also Games Workshop Ltd. v. Beal*, No. 04–0013–CV–W–FJG, 2006 WL 6924046, at *2 (W.D. Mo. Apr. 21, 2006) ("[S]tatutory damages under 15 U.S.C. § 1117(c) are designed to compensate the trademark owner and punish the counterfeiter: '[t]he option to select statutory damages in counterfeiting cases ensures that trademark owners are adequately compensated and that counterfeiters are justly punished, even in cases where the plaintiff is unable to prove actual damages because, for example, the defendant engages in deceptive record-keeping.'" (quoting Senate Section-by-Section Analysis, CONG. REC. S12084 (Aug. 9, 1995), *reprinted in* 50 P.T.C.J. 425 (Aug. 17, 1995))). And, as district courts in this Circuit have noted, "a defendant's tax returns are relevant when the plaintiff asks for statutory damages" in an infringement case. *Visitors Flea Market, LLC*, 2013 WL 5770598, at *2 (collecting cases)).

has yet to address whether Section 768.72's discovery limitations apply in federal court,

> in *Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000), [it] held that Section 768.72's requirement that a plaintiff seek leave of court before pleading punitive damages is inapplicable in federal court. 184 F.3d at 1299. . . . [I]n *Cohen*, [moreover,] the court provided an explicit roadmap to lower courts on how to deal with similar conflicts between state law and federal procedural rules:
>
>> Under *Hanna v. Plumer*, 380 U.S. 460 (1965), the proper question to ask is not whether the state law provision is procedural or substantive; instead, the court must ask whether the state law provision conflicts with a federal procedural rule. If it does, the federal procedural rule applies and the state provision does not. Stated another way, if the state law conflicts with a federal procedural rule, then the state law is procedural for *Erie / Hanna* purposes regardless of how it may be characterized for other purposes.
>>
>> The only exception is where the advisory committee, the Supreme Court, and Congress have collectively erred and adopted a federal procedural rule that is either unconstitutional or should not have been adopted under the Rules Enabling Act process because it is a matter of substantive law.
>
> *Cohen*, 184 F.3d at 1296-97. *See also Blount v. Sterling Healthcare Grp.*, 934 F. Supp. 1365, 1373–74 (S.D. Fla. 1996). Here, the federal procedural rule that governs discovery is Federal Rule of Civil Procedure 26, which has been interpreted to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). The Court of Appeals has upheld the discovery of tax information where it is "arguably relevant" to the claims at issue. *Erenstein*, 316 Fed. App'x at 869-70 (citing *Maddow*, 107 F.3d at 853). Moreover, it is clear that financial worth is relevant to a claim of punitive damages. *See EEOC v. DiMare Ruskin, Inc.*, No. 2:11–cv–158–FtM–36SPC, at *3-4 (M.D. Fla. Aug. 24, 2011); *Soliday*, 2010 WL 4537903, at *2 . . . .

11

> Under the *Cohen* analysis, it is clear that Section 768.72's restriction on financial worth discovery conflicts with Rule 26's mandate of a broad and liberal discovery regime. The discovery provision must therefore be interpreted as procedural, rather than substantive, for *Erie* purposes. Moreover, there is no indication that Rule 26 is unconstitutional or violates the Rules Enabling Act. Accordingly, in federal actions, even those based upon state substantive law, Section 768.72's discovery provision must yield.

*Gottwald*, 2013 WL 1776154, at *2-3 (some citations modified); *accord Ward v. Estaleiro Itaji S/A*, 541 F. Supp. 2d 1344 (S.D. Fla. 2008); *see also Gottwald*, 2013 WL 1776154, at *3 ("Because Gottwald has pressed a claim for punitive damages, evidence of the defendants' financial worth is relevant to his claim. He is therefore entitled to discovery of their tax returns. . . .").

In this case, § 6-11-23(b) must similarly yield to Rule 26.[7]

### III. Conclusion

As explained at length, relevancy is the sole applicable inquiry. The plaintiffs have proven that the tax records are relevant for several reasons. As such, they are discoverable. That said, the undersigned does not take lightly public policy that favors keeping tax records confidential. To that end, the court-adopted

---

[7] It should be noted, however, that the Northern District of Alabama has specifically considered, and applied, § 6-11-23 to postpone the discovery of a defendant's financial worth "until all questions of liability have been determined." *Wilson v. Gillis Advertising Co.*, 145 F.R.D. 578, 582 (N.D. Ala. 1993). But, obviously, that court did not have the benefit of *Cohen*, and the undersigned questions whether that court would reach the same result today after considering *Cohen*. Moreover, even if application of § 6-11-23 did not violate *Erie*, it would not apply here because Alabama's statutory prohibition against discovering evidence of a defendant's wealth "until after a verdict for punitive damages has been rendered" applies only to information that is not "otherwise discoverable." Here, the tax records are "otherwise discoverable"—they are relevant to claims in the complaint and, if so elected, statutory damages under the Lanham Act.

protective order, which allows for the production of those records under the designation "attorney's eyes only," should provide the requisite protection against dissemination to its competitors information MP Global rightly believes is business sensitive.

Thus, for all the reasons stated above, the MP Global's MPO (Doc. 68) is due to be and hereby is **DENIED**.

**DONE** and **ORDERED** this the 17th day of March, 2014.

                                           */s/ Katherine P. Nelson*
                                           **KATHERINE P. NELSON**
                                           **UNITED STATES MAGISTRATE JUDGE**